## HOLLEY KELLY v. THE STATE.

No. 8687. Delivered March 4, 1925.

**1.—Transporting Intoxicating Liquor—Indictment—Held Correct.**

An indictment charging the transportation of intoxicating liquor need not allege that the liquor was being transported for the purpose of sale, and it has been so decided by many cases handed down .... .. .. court.

**2.—Same—Harmless Error—Not Reversible.**

Where the District Attorney inadvertently read part of another indictment pending against appellant, and upon discovering his error, stopped reading and apologized for his mistake, and found and read the correct indictment, the error was harmless, and does not warrant a reversal of the case.

**3.—Same—Bills of Exception—Question and Answer Form—Not Considered.**

This court has repeatedly held, and reiterates, that Bills of Exception prepared in question and answer form, will not be considered by this Court. Appellant's bill of exception No. 3, being violative of this rule, will not be considered.

**4.—Same—Confession of Accused—Properly Excluded.**

Where it was shown that officers whipped appellant after his arrest, and the state then offered a written confession of appellant, the court properly excluded such confession, and no injury is shown to appellant in offering the confession in evidence. If it appeared to us that the abuse of appellant by the officers in any wise entered into the testimony upon which this conviction rested, we would not permit the conviction to stand.

Appeal from the District Court of Anderson County. Tried below before the Hon. Ben F. Dent, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty, one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Anderson county of transporting intoxicating liquor, and his punishment fixed at one year in the peitentiary.

There seems no dispute of the fact that appellant was tranporting intoxicating liquor. Mr. Sullivan, a policeman in the city of Palestine, arrested appellant who had a bottle of whiskey on his person, and it was ascertained upon further investigation that he had a quart of the same in his buggy. The only defense was that appellant testified that he was taking it to a doctor's office for the purpose of having the doctor tell him what it was, he claiming that he found it in his buggy and did not know what it was. There is no brief on file for the appellant.

The transcript contains six bills of exception, the first of which was taken to the refusal of the court to quash the indictment because it did not allege that the liquor was being transported for the purpose of sale. This has been often decided contrary to the contention of appellant. It appears that more than one indictment was pending against appellant. When the district attorney arose to

read the indictment to the jury, it is made to appear that he began to read the wrong indictment, but that he stopped reading of his own accord when he found he had the wrong one and apologized and found and read the correct indictment. In his qualification to the bill of exceptions complaining of this matter the court states that no exception or objection was made by appellant and that no charge asking the jury not to consider the matter, was presented, and further that the district attorney, in the presence of the jury trying this case, dismissed from the docket the cause, part of the indictment in which was thus read by him.

Bill of exceptions No. 3 is lengthy and in question and answer form. Our decisions are unanimous in rejecting such bills of exception. Bill No. 4 was refused by the court because same was not correct, and no effort was made to substitute a bystanders' bill. Bill No. 5 was to the refusal of a special charge seeking to have the jury instructed that they could not convict unless they believed that the transportation was for purposes of sale. Bill No. 6 relates to a confession which was not admitted in evidence when offered by the State.

The State did not offer any confession of appellant in the making out of its case on direct presentation. When appellant took the stand in his own behalf he testified to the fact that after his arrest, and by other officers than Mr. Sullivan who arrested him, he was whipped and a confession obtained from him. He introduced as witnesses in his behalf certain officers who admitted that they gave him a whipping while under arrest, but testified that it was for other matters than those connected with the transportation of the bottle of whiskey found on him by Mr. Sullivan. In its rebuttal the State offered in evidence appellant's confession in writing, but the learned trial judge sustained the appellant's objection to the introduction of such confession.

It is not our province to go outside a discussion of those facts necessary to a disposition of a case before us on appeal. The learned trial judge correctly, in our opinion, sustained appellant's objection to the introduction of the alleged confession. We know of no reason or excuse that would justify officers in whipping prisoners in their custody because they do not talk to suit them. Since the court below sustained the objection to the confession, that matter is not before us for review. If it appeared to us that such conduct in anywise entered into the testimony upon which this conviction rested, we would not permit the conviction to stand.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*