Milton R. COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 40938.

Court of Criminal Appeals of Texas.

Jan. 17, 1968.

Gerald G. Moore, Brownwood, for appellant.

Gordon Griffin, Jr., Dist. Atty., Brownwood, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is attempted burglary with five prior convictions alleged for enhancement; the punishment, life.

Appellant's sole ground of error is that reversible error was committed when in violation of Article 36.01(1), Vernon's Ann.C.C.P., the entire indictment, alleg-

ing the instant offenses of burglary and attempted burglary with five prior convictions alleged for enhancement, was read to the jury by the District Attorney at the commencement of the hearing on the issue of guilt or innocence.

No federal constitutional question is presented, Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, though it should be remembered that Spencer was tried prior to the effective date of the 1965 Code of Criminal Procedure and the revision of old Article 642 (now 36.01), V.A.C.C.P.

The only question presented is whether in absence of an objection, a violation of Article 36.01(1), supra, constitutes reversible error. There can be no doubt that the provisions of Article 36.01(1) supra, were designed to serve a salutary purpose and should be strictly complied with by all prosecutors. If the action here complained of had been permitted over objection, reversible error should follow. We cannot agree, however, that in absence of an objection, exception, or a request for an instruction or a mistrial, an accused may successfully raise such question for the first time on the motion for new trial as attempted here. Cf. Kelley v. State, 99 Tex.Cr.R. 403, 269 S.W. 796.

It is observed that appellant testified at the trial and the prior convictions were not used for impeachment. In the hearing on punishment only two of the prior convictions were actually used for enhancement, and the others were introduced as part of appellant's "prior criminal record". Article 37.07, V.A.C.C.P.

The jury should not have been informed of the prior convictions alleged by reading of the entire indictment prior to their deliberations on guilt or innocence, but in view of the record here presented, no reversible error appears.

Finding no reversible error, the judgment is affirmed.