**Charles DOCKINS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6–92–144–CR.**

Court of Appeals of Texas, Texarkana.

April 6, 1993.

Judy Hodgkiss, Moore, Payne, Clem, Rodgers & Hodgkiss, Paris, for appellant.

Winonia Griffin, Bowie Cty. Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

A jury convicted Charles Dockins, Jr. of forgery and assessed his punishment at ninety-nine years' imprisonment.

On appeal, Dockins contends that a reversal is required because, at the guilt-innocence stage of the trial, the prosecutor read to the jury the paragraphs of the indictment alleging prior convictions; the court allowed a police officer to testify about an oral statement Dockins gave; the court improperly allowed into evidence a typed, but unsigned copy of the statement; and the court allowed the testimony of a witness not revealed by the State's witness list. We overrule these contentions and affirm the judgment.

■ Dockins first argues that reversible error occurred when the prosecutor read the enhancement paragraphs of the indictment to the jury at the beginning of trial. Enhancement paragraphs of an indictment are not to be read, after the jury is impaneled, until the hearing on punishment. TEX.CODE CRIM.PROC.ANN. art. 36.01 (Vernon Supp.1993). In this case, however, Dockins did not object to the reading of the enhancement paragraphs. A complaint that prior conviction allegations were read at the guilt stage of trial cannot be raised for the first time on appeal. *Bell v. State,* 504 S.W.2d 498, 501 (Tex.Crim.App.1974); *Cox v. State,* 422 S.W.2d 929 (Tex.Crim. App.1968); *McGee v. State,* 689 S.W.2d 915, 918–19 (Tex.App.–Houston [14th Dist.] 1985, pet. ref'd); *Miller v. State,* 623 S.W.2d 491, 492–93 (Tex.App.–Beaumont 1981), *aff'd,* 692 S.W.2d 88 (Tex.Crim.App. 1985). Additionally, at the guilt-innocence stage of the trial, Dockins testified on direct examination by his own attorney that he had twelve prior felony convictions, so the error in reading the enhancement allegations did not contribute to the conviction or the punishment and was harmless.

■ Dockins next contends that the court erred in admitting his oral statement into evidence. The statement was given to Officer John Penny and was reduced to writing, but Dockins did not sign it. Dockins argues that his oral statement was inadmissible because it was not taken under the requirements of TEX.CODE CRIM. PROC.ANN. art. 38.22, § 3(c) (Vernon Supp. 1993). Dockins' statement was not recorded as required by TEX.CODE CRIM.PROC.ANN. art. 38.22, § 3(a), (b) (Vernon Supp.1993), but Subsection (c) of that article provides that an oral statement is admissible if it "contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which [the accused] states the offense was committed." In this case, the trial court found that Dockins' statement met the requirements of Article 38.22, § 3(c) and allowed Penny to testify to its contents.

The State relies on Penny's testimony that Dockins admitted that he committed a forgery about which Penny had not previously known. At a suppression hearing

regarding the statement, Penny testified as follows:

Q ... Were all of those incidents that he told you about in his confession known to you at that time?

A I don't believe all of them were. I can't be positive.

Q All right. Which ones were not?

A The only one I can remember that probably wasn't one of the checks at the feed store in Detroit.

Q That was not known to you at that time?

A Yeah.

. . . .

Q Now, you stated that you thought there was one check that you were not aware of at the Detroit Feed Store. Do you know which check that would have been?

A Just a second here.

Q Okay. Now, which one of those checks would it have been that you were not aware of at the time he made the confession and that you verified to determine that, in fact, it was a forgery?

A It is check No. 1205 on John Stiles' account.

Q All right. When did that come into your possession?

A On March 13th, 1992.

Q And that was significantly a time period after these—

A Yes, ma'am.

At a suppression hearing, the trial judge is the sole and exclusive trier of facts and judge of the credibility of witnesses, as well as the weight to be given their testimony. The appellate court determines whether the trial judge's findings are supported by the record, and also whether the trial court properly applied the law to the facts. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). The admission of a separate offense unconnected with the offense for which Dockins was being tried does not conduce to establish guilt on the case for which Dockins was being tried. We found no Texas case, nor have we been cited any, that allows an offense totally unconnected with the offense on trial to be used to make an oral statement admissible.

The second prong of Article 38.22, § 3(c), "which conduce to establish the guilt of the accused," establishes a relevancy requirement for the facts and assertions in the oral statements of the accused. *Port v. State*, 791 S.W.2d 103 (Tex.Crim.App.1990). This second prong cannot be ignored, and because the second prong was not met, the court erred in admitting this statement into evidence.

■ Having found error, we now must determine whether the error was harmful pursuant to the standards set forth in Tex. R.App.P. 81(b)(2). This rule requires that we must reverse the judgment under review unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. The case against Dockins was overwhelming. Dockins' defense was not that he had not committed the offense, but rather Dockins took the position that drug addiction had caused his criminal behavior. At the guilt-innocence stage of the trial, he testified on direct examination of his own counsel that his oral statement to Penny was true. He admitted to the commission of the offense, and he admitted to the commission of twelve other crimes of a similar nature. The oral statement was cumulative of his direct testimony. The record does not reflect whether the extraneous offense mentioned in the oral statement was one of the twelve prior felony convictions to which Dockins admitted in his testimony, but one additional offense when twelve have already been admitted is not likely to have much impact. We find beyond a reasonable doubt that the admission of Dockins' oral statement, and his typed version which was admitted into evidence, made no contribution to Dockins' conviction or punishment.

■ In regard to Dockins' claim that admission of the statement violated due process, Dockins argues that no safeguards ensured that he himself had made the statements contained in the unsigned document. Dockins cites no authority for this contention. The safeguards encompassed in Article 38.22, § 3(c) were met, as Doc-

kins' statement disclosed a previously unknown forgery. And, again, Dockins admitted the veracity of the statement. The admission of the unsigned copy of Dockins' statement did not violate his right to due process.

In his final point of error, Dockins argues that the trial court erred in allowing the testimony of Gary Smallwood, Dockins' parole officer, even though Smallwood was not listed pursuant to Dockins' request for discovery. Dockins argues that it is well settled that, upon proper motion, witnesses must be disclosed if the State will call them at any stage of the trial. *Young v. State,* 547 S.W.2d 23 (Tex.Crim.App.1977); *Choice v. State,* 628 S.W.2d 475 (Tex.App.—Texarkana 1982, no pet.).

 Dockins testified during his case in chief that a drug addiction caused his criminal behavior and that he had been asking for help, but the community would not help him. He further stated that he told Smallwood about his addiction and also attended Alcoholics Anonymous meetings. The State called Smallwood during the punishment phase of trial, and Smallwood testified that he learned about Dockins' addiction only when Dockins failed a drug test. Smallwood also testified that he referred Dockins to Alcoholics Anonymous, but Dockins never provided him with proof of attendance, though he was required to do so.

■ The standard of review, where a witness not included on a witness list is permitted to testify, is whether the trial court abused its discretion in allowing the testimony. *Hightower v. State,* 629 S.W.2d 920 (Tex.Crim.App. [Panel Op.] 1981). One factor to be considered in determining whether an abuse of discretion has occurred is whether the defendant could have reasonably anticipated that the witness would testify despite the State's failure to disclose. *Bridge v. State,* 726 S.W.2d 558, 567 (Tex.Crim.App.1986). In essence, Smallwood's testimony was rebuttal testimony. In addition, Dockins' attorney had spoken to Smallwood shortly before trial. During her cross-examination of Smallwood, she asked, "And—but you did relay those dates to me over the phone the other day. Is that right?" In these circumstances, defense counsel could have reasonably anticipated Smallwood's testimony. Moreover, counsel could have requested a recess or continuance had she needed additional time to prepare for cross-examination. *Stoker v. State,* 788 S.W.2d 1, 15 (Tex.Crim.App.1989); *Cureton v. State,* 800 S.W.2d 259, 262 (Tex.App.—Houston [14th Dist.] 1990, no pet.). We conclude that the trial court did not abuse its discretion in allowing Smallwood's testimony.

We find no reversible error. The judgment of the trial court is affirmed.