

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00074-CR

_____

ANTONIO LAMONT JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 241st Judicial District Court
Smith County, Texas
Trial Court No. 241-1243-07

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

During the punishment phase of Antonio Lamont Johnson's Smith County[1] trial,[2] Johnson objected when the State called as a witness Jackie Carpenter, an employee of the Smith County Community Supervision Department. Johnson argued to the trial court, and argues on appeal, that Carpenter's testimony should not be allowed because—although Johnson had requested, and the trial court had ordered, that the State disclose the names and addresses of each witness the State intended to call—Carpenter's name appeared nowhere on any State notices to Johnson.[3]

Concluding that the trial court did not abuse its discretion by permitting Carpenter to testify, we overrule that sole point of error on appeal and affirm the trial court's judgment.

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Tyler Court of Appeals and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]Johnson had pled guilty to possessing more than fifty but less than 2,000 pounds of marihuana and had sought to have a jury assess punishment. The jury assessed fifteen years' imprisonment, and the trial court sentenced him accordingly.

[3]Johnson's pretrial discovery motion included a request for the State's witness list. The trial court formally ordered the State to provide a "written list of the names and addresses of persons whom the State may call as a witness in their case in chief and in punishment together with a certification as to whether or not said witnesses gave a written report or statement." On June 22, 2007, the State filed a "Felony Discovery Compliance Form" in this case. That document provided notice to Johnson that the State might call as witnesses "David Long, Clifford Balch or any other current or former employee of Smith County Adult Probation [Community Supervision] Services to offer testimony at punishment stage . . . ." The State's formal witness list was also filed June 22. Carpenter's name appears nowhere on either document.

When requested by a criminal defendant, and when ordered to do so by the trial court, the State must provide the defense with a list of the State's witnesses. *Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989); *Young v. State*, 547 S.W.2d 23, 27 (Tex. Crim. App. 1977). In the absence of such ordered disclosure, our standard of review is whether the trial court abused its discretion in allowing such a witness to testify. *Stoker*, 788 S.W.2d at 15 (citing *Bridge v. State*, 726 S.W.2d 558, 566 (Tex. Crim. App. 1986)). Two factors to be considered in determining whether the trial court abused its discretion is to see if the record establishes bad faith on the part of the State in failing to provide the advance witness disclosure and if the defendant could have reasonably anticipated that the witness would testify, even without such express notice. *Id.* (citing *Hightower v. State*, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981)).

The State responded candidly to Johnson's objection, indicating that it had overlooked listing Carpenter on the list, but argued that Johnson was not surprised and would not be prejudiced if Carpenter were allowed to testify. The trial court agreed, stating it did not believe Johnson could genuinely be said to be surprised that the State would call Carpenter to testify, given the fact that Carpenter's earlier bail bond violation report had prompted the trial court to revoke and raise Johnson's bail bond. Carpenter was then permitted to testify about Johnson's failure to abide by the conditions of his bail bond during the pendency of the underlying charges.

In his brief to this Court, Johnson also candidly acknowledges that the record does not reflect bad faith by the State in failing to include Carpenter's name on its witness list. We also identify

3

nothing in the record suggesting any such bad faith. Instead, the appellate record affirmatively supports the conclusion that Johnson could have—and should have—reasonably anticipated that Carpenter would testify, even though her name was missing from the State's list. Why? Because Carpenter had prepared and filed the bond violation report that prompted the trial court to revoke Johnson's bond and treble its amount.[4] Because Johnson had filed an application for community supervision, Johnson should have anticipated Carpenter's testimony as a component of the State's effort to show Johnson was an inappropriate candidate for community supervision. The State's witness list also informed Johnson that it might call other, unnamed past or present employees of the Smith County Community Supervision Department.[5] Finally, we note that Johnson did not ask the trial court to continue the case to allow Johnson additional time to prepare for Carpenter's testimony.

---

[4]In the record is a document, titled "Conditions of Bond." This document informed Johnson that, if the trial court received any allegation that the accused had violated a condition of his bail bond, the trial court had authority to revoke the accused's bond and order Johnson's re-arrest on a new bail bond (with new conditions being set by the trial court). The bottom of the document is signed by Johnson. Also on the document is the signature of Carpenter.

On November 7, 2007, Carpenter, a "Pre-Trial Supervision Officer" for Smith County, filed the bond violation report with the trial court. That report informed the trial court that Johnson had stopped making weekly reports to a drug testing agency located in El Paso, as was required by Johnson's bail bond. The trial court subsequently revoked Johnson's bail bond and set a new bail bond at $300,000.00 with new restrictions. The record in this case shows Johnson was eventually arrested January 29, 2008, in Lucas County, Ohio.

[5]The State appears to maintain that such a generic reference to other possible witnesses does provide the required notice to Johnson. We disagree. The applicable statute requires notice of the name and address. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (Vernon Supp. 2008). The trial court's order in this case accordingly requires the same. While the State's generic reference to other possible witnesses was not compliance, it was some notice to Johnson.

4

*Cf. Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (objection to undisclosed witness overruled but no motion for continuance; harmless); *Dockins v. State*, 852 S.W.2d 50, 53 (Tex. App.—Texarkana 1993, pet. ref'd).

While it is true that Johnson did not receive from the State proper disclosure that Carpenter would testify, this record does not support the conclusion that he was surprised by her testimony, especially given that Johnson had violated the terms of his pretrial jail release and Carpenter was directly involved in reporting such violation—a matter relevant to a punishment proceeding. Accordingly, the record before us does not show that the trial court abused its discretion by permitting Carpenter to testify over Johnson's objection, despite the fact that the State had failed to list Carpenter on its pretrial witness list.

We overrule Johnson's sole point of error and affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     November 4, 2008
Date Decided:       November 5, 2008

Do Not Publish