COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| MARBIN YOBANI GARCIA, | | No. 08-07-00050-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 291st District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0615708-HU) |
| | § | |

**O P I N I O N**

Marbin Yobani Garcia appeals his conviction of aggravated assault with a deadly weapon. Appellant entered a guilty plea before the jury and the trial court conducted a unitary proceeding to determine both guilt and punishment. TEX.CODE CRIM.PROC.ANN. art. 26.14 (Vernon 1989); *see Frame v. State*, 615 S.W.2d 766, 767 (Tex.Crim.App. 1981). The jury found Appellant guilty and assessed his punishment at imprisonment for a term of fifty years. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 8, 2006, Appellant stabbed his wife, Melba Medrano, with a knife in the face, mouth, back, and arms. When Appellant was asked by police if the woman lying on the ground was his wife, he responded, "Yes. I did it." As he was getting in the officer's patrol car, Appellant said, "She cause me too much trouble."

After the case was called for trial and before voir dire began, Appellant informed the trial court that he wished to enter a plea of guilty to the indictment. The court admonished Appellant regarding the consequences of his guilty plea but he persisted in pleading guilty. When the trial court instructed the prosecutor to arraign Appellant, his attorney attempted to waive arraignment but the

court required it nevertheless. The record reflects that the indictment was read aloud by the prosecutor although not in the jury's presence. When the trial court asked Appellant whether he pled guilty or not guilty to the indictment, Appellant replied, "Yes." The trial judge informed Appellant that she needed to know whether he wished to plead guilty or not guilty and he again said, "Yes." The trial judge did not attempt to clarify Appellant's plea and jury selection immediately followed. During voir dire, the trial court read aloud the indictment[1] and informed the venire that Appellant had entered a plea of guilty to the indictment.

After the jury had been selected and sworn and the parties had announced ready, the trial court asked the State to arraign the defendant. The prosecutor offered into evidence State's Exhibit 1, which is Appellant's judicial confession, and it was admitted without objection. It states:

> Comes now Defendant in the above case, in writing and in open Court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of this Judicial Confession, and testimony orally, by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination, and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:
>
> On the 8th day of January A.D., 2006, in Dallas County, Texas I did unlawfully, unlawfully [sic] then and there intentionally, knowingly, and reckless cause serious bodily injury to MELBA MEDRANO, hereinafter called complainant, by STABBING AND BY CUTTING COMPLAINANT WITH A KNIFE and said

---

[1] The indictment alleges in pertinent part that Appellant:

> did unlawfully then and there intentionally, knowingly and recklessly cause serious bodily injury to MELBA MEDRANO, hereinafter called complainant, by STABBING AND BY CUTTING COMPLAINANT WITH A KNIFE and said defendant did use a deadly weapon, to wit: a KNIFE, during the commission of the assault,
>
> And further, the said defendant has and has had a dating relationship with the said complainant and the said defendant was a member of the complainant's family and household . . . .

defendant did use a deadly weapon, to wit: a KNIFE, during the commission of the assault,

And further, the said defendant has and has had a dating relationship with the said complainant and the said defendant was a member of the complainant's family and household,

I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause.

The prosecutor then read the judicial confession aloud. Appellant did not object to the prosecutor's failure to read the indictment. When asked by the trial judge how Appellant pled to the indictment, his attorney stated that Appellant "enters a plea of guilty as charged." Both the State and Appellant offered evidence relevant to punishment. The jury found Appellant guilty and assessed his punishment at fifty years' imprisonment. Appellant timely filed a motion for new trial and notice of appeal. He did not, however, raise either of the issues presented on appeal.

## ARTICLE 36.01 ERROR?

Appellant raises two related points of error on appeal. First, he argues that the trial court violated the mandates of Article 36.01 of the Texas Code of Criminal Procedure when the prosecutor neglected to read his indictment to the jury. The State counters that Appellant did not preserve this issue for review because he did not object when the prosecutor read the judicial confession aloud instead of the indictment. Second, Appellant contends that his trial counsel's failure to preserve the Article 36.01 error by raising a contemporaneous objection or raising it in a motion for new trial constitutes ineffective assistance. The State argues that Appellant's ineffective assistance claim is speculative because he failed to prove that counsel's performance was deficient or that he was prejudiced.

### Violation of Article 36.01

A prosecutor is required to read an indictment to a jury. TEX.CODE CRIM.PROC.ANN. art.

36.01(a)(1)(Vernon 2007); *Martinez v. State*, 155 S.W.3d 491, 495 (Tex.App.--San Antonio 2004, no pet.). The purpose of the requirement is to inform the accused of the charges against him and to inform the jury of the precise terms of the charge against the accused. *Turner v. State*, 897 S.W.2d 786, 788 (Tex.Crim.App. 1995). Without the reading of the indictment and the entering of a plea, no issue is joined upon which to try. *Id.*

As a prerequisite to presenting a complaint for appellate review, the record must demonstrate that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP.P. 33.1(a). Absent an objection, any violation of Article 36.01 is waived. *Hardin v. State*, 951 S.W.2d 208, 211 (Tex.App.--Houston [14th Dist.] 1997, no pet.), *citing Cox v. State*, 422 S.W.2d 929, 930 (Tex.Crim.App. 1968); *see Cantu v. State*, 939 S.W.2d 627, 646 (Tex.Crim.App. 1997)(holding that defendant must object in order to preserve error where indictment not read and plea entered in jury's presence). A defendant has an obligation to lodge a timely objection to afford the trial court the opportunity to cure the defect. *Martinez*, 155 S.W.3d at 495; *see Cantu*, 939 S.W.2d at 646 (noting that claimed error could have been corrected easily if he had timely called it to the court's attention by making a contemporaneous objection). When the error is discovered after trial, error may be preserved through a motion for new trial, bill of exception, or motion to arrest judgment. *Warren v. State*, 693 S.W.2d 414, 416 (Tex.Crim.App. 1985); *Martinez*, 155 S.W.3d at 495. Appellant made no objection when, during his arraignment before the jury, the prosecutor read his judicial confession rather than his indictment. Nor did he raise the issue in his motion for new trial. Since he neglected to inform the trial court of the alleged violation of Article 36.01(a)(1), Appellant failed to preserve his complaint for our review. We overrule his first point of error.

*Ineffective Assistance of Counsel*

We now consider whether counsel's failure to preserve the complaint raised in the first point of error constitutes ineffective assistance of counsel. In *Strickland v. Washington*, the United States Supreme Court adopted a two-step analysis as the proper standard for determining claims of ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Appellant must show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Particularly, Appellant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Second, Appellant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To establish prejudice, Appellant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* This two-pronged test is used to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial produced unreliable results. *Mallet v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).

Appellate review of defense counsel's efficiency is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallet*, 65 S.W.3d at 63; *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). The burden to overcome that presumption falls on the appellant. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The assessment of whether effective assistance was received must be made according to the facts of the case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Any allegation of ineffectiveness must be "firmly founded" in the record. *Salinas v. State*, 163 S.W.3d 734, 740

(Tex.Crim.App. 2005). To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. In the majority of instances, the record on direct appeal is undeveloped and unable to adequately reflect the failings of trial counsel. *Thompson*, 9 S.W.3d at 813-14, *citing Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). It will not sufficiently show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). We cannot speculate that no plausible professional reason exists for a specific act or omission. *Id.* at 836. Counsel should be provided an opportunity to explain their actions before being condemned as unprofessional and incompetent. *Id.* We rarely have the opportunity to make a determination with a record capable of providing a fair evaluation of the merits of an ineffective assistance claim. *See Thompson*, 9 S.W.3d at 813.

Appellant contends that he was denied effective assistance because trial counsel did not object to the prosecutor's failure to read the indictment and did not raise the issue in a motion for new trial. The indictment was read outside of the jury's presence and Appellant entered his plea of guilty to it. Further, the indictment was read to the jury panel during voir dire and the trial judge informed the jury that Appellant had entered a plea of guilty. The prosecutor also read the judicial confession aloud in the presence of the jury. That judicial confession contains the exact language found in the indictment and Appellant, through his counsel, entered a plea of guilty in the jury's presence. While the procedure employed in this case may not be typical, we are unable to conclude that it violated Article 36.01. *See Cantu*, 939 S.W.2d at 646 (no violation of Article 36.01 occurred where indictment was read and not guilty plea entered outside of jury's presence and trial judge subsequently informed jury that defendant had entered plea of not guilty). The statute's purpose was

satisfied here because the jury was informed of the precise terms of the charge against Appellant and he entered a plea of guilty to that charge. Under these circumstances, counsel was not obligated to object.

Even if the prosecutor's failure to read the indictment in the jury's presence is considered a violation of Article 36.01, Appellant's attorney has not been given an opportunity to explain his trial strategy or reasoning for not objecting. While we are not required to speculate about counsel's reasoning or strategy, we believe trial counsel could have concluded that an objection did not have merit because the statute's purposes had been essentially satisfied by the procedure followed in this case.

For these reasons, Appellant has failed to establish deficient performance as required under the first prong of *Strickland*. Failure to show either deficient performance or sufficient prejudice defeats an ineffective assistance claim. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249 (Tex.Crim.App. 1998). Therefore, it is unnecessary to address the second prong of *Strickland*. We overrule Point of Error Two and affirm the judgment of the trial court.

February 26, 2009

                          ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)