

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00146-CR
_____

TONY MARTIN CALER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 20,108-2008

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Tony Martin Caler failed to appear in the trial court on a charge for possession of methamphetamine. He was consequently convicted by a jury for bail jumping and failure to appear and was assessed punishment at eight years' confinement and a $10,000.00 fine. Caler alleges that the evidence presented at trial was insufficient to support his conviction, that he was denied effective assistance of counsel in various ways, and that the State improperly commented during closing argument on his failure to testify. We affirm the trial court's judgment because: (1) legally and factually sufficient evidence supports Caler's conviction, (2) Caler has not established his claim of ineffective assistance of counsel in counsel's failure to object to testimony by unlisted witnesses, (3) Caler's other grounds for ineffective assistance of counsel were waived due to inadequate briefing, and (4) Caler failed to preserve a complaint that the State commented on his failure to testify.

*(1)     Legally and Factually Sufficient Evidence Supports Caler's Conviction*

Caler argues that the evidence is legally and factually insufficient to support his conviction. We disagree.

To determine if legally and factually sufficient evidence supports Caler's conviction, we measure the evidence against the elements of bail jumping and failure to appear with the same kind of analysis as that applied in the test for a hypothetically-correct jury charge.[1] *Malik v. State*, 953

---

[1] *Malik* controls "even in the absence of alleged jury charge error." *Gollihar v. State*, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001).

2

S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). The hypothetically-correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240. It is used to evaluate both legal and factual sufficiency. *Grotti*, 273 S.W.3d at 281.

"A person lawfully released from custody, with or without bail, on condition that he subsequently appear" commits the offense of bail jumping and failure to appear if he "intentionally or knowingly fails to appear in accordance with the terms of his release."[2] TEX. PENAL CODE ANN. § 38.10(a) (Vernon 2003). Bail jumping and failure to appear "is a felony of the third degree if the offense for which the actor's appearance was required is classified as a felony." TEX. PENAL CODE ANN. § 38.10(f) (Vernon 2003). Thus, under a hypothetically correct charge in Caler's case, the jury was required to find, beyond a reasonable doubt, that: (1) Caler, (2) intentionally or knowingly, (3) failed to appear, (4) in accordance with the terms of his release, (5) for an underlying charge that was a felony offense.

We first assess the legal sufficiency of the evidence. Legal sufficiency requires that the evidence raise a fact question. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). In other words, if the evidence in this case was insufficient to raise an issue of Caler's guilt, there was

---

[2]Due to the intentional or knowing *mens rea* requirement, reasonable excuse for failure to appear is a defense to this crime. TEX. PENAL CODE ANN. § 38.10(b) (Vernon 2003).

no issue for the jury to resolve. *Id.* When conducting a legal sufficiency analysis, we review all of the evidence in the light most favorable to the verdict and determine whether any rational jury could find, beyond a reasonable doubt, the essential elements of bail jumping and failure to appear. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Lacour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Clewis*, 922 S.W.2d at 132–33; *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

At trial, the State introduced Caler's bond form issued by Jim Morgan Bail Bonds directing him to appear instanter in front of the district court. "Generally, an instanter bond gives proper notice and, in the absence of evidence of a reasonable excuse, is sufficient to prove an appellant intentionally and knowingly failed to appear." *Bell v. State*, 63 S.W.3d 529, 531 (Tex. App.—Texarkana 2001, pet. ref'd) (citing *Euziere v. State*, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983)).

The bond further specified Caler was to

there remain from day to day and term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, and shall appear before any court or magistrate before whom the cause may hereafter be pending at any time when and place where, his presence may be required under the Code of Criminal Procedure of the State of Texas or by any court or magistrate . . . .

4

The Texas Court of Criminal Appeals has held that a bond virtually identical to the one signed by Caler apprises a defendant of his or her obligations to appear in court when called and sets forth the terms and conditions of release. *Euziere*, 648 S.W.2d at 702.

As additional evidence, the State called Joy Parker, the court coordinator for the trial court. She testified that Caler was sent written notice to appear at the address listed on the bond and that the letter was not returned by the postal service. Notification was also sent to Caler's counsel. Kyle Bedford, who worked for the bail bond office, testified that, if he received any change of address notice from Caler, it would have been forwarded to the trial court. He further stated Caler was called before the court date. Deputy Shannon Love, who served as bailiff for the trial court, testified to calling out Caler's name on the date Caler was required to appear. After receiving no response, Love filled out the certificate of failure to appear that was introduced at trial.

We conclude that the evidence, when reviewed in a light most favorable to a finding of guilt, was legally sufficient for a rational jury to find the essential elements of bail jumping, i.e., that Caler intentionally or knowingly failed to appear in accordance with the terms of his release.

In order to establish the third degree of offense, the State was also required to show to the court that the underlying charge was a felony offense. The bail bond form listed the underlying charge as "FTA POSS CS PG1 U-1G," meaning possession of a penalty-group-one controlled substance in an amount less than one gram. Possession of any group-one drug in an amount less than

one gram is a state-jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp. 2009). The degree of offense is a matter of law that required no jury finding.

We conclude the evidence is legally sufficient.

Next, we turn to the factual sufficiency of the evidence. Contrary to a legal sufficiency review, we examine the evidence in a neutral light when assessing factual sufficiency and determine whether the proof of Caler's guilt was obviously so weak as to undermine confidence in the verdict, or, if taken alone, was greatly outweighed by contrary proof so as to be clearly wrong and unjust. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); *Harris v. State*, 133 S.W.3d 760, 764 (Tex. App.—Texarkana 2004, pet. ref'd). A clearly wrong and unjust verdict is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Santellan v. State*, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997). Because factual sufficiency is an issue of fact, we are not free to reweigh the evidence and set aside the verdict merely because we feel a different result is more reasonable. *Clewis*, 922 S.W.2d at 135.

During trial, the State argued the possibility that written notice may have been lost in the mail, but no contrary proof was offered. Additionally, Caler's brief does not contest the essential elements of the offense. Instead, the brief attempts to assemble a variance-type argument by stating "[t]he Appellant's charge said he failed to appear to answer a possession charge, but the bond showed that he was being released for Failing to Appear." The State "chose to say the Appellant

6

violated the law by doing 'X', but at trial they now say it was by doing 'Y.'" We reject any such argument as being without merit.

Because we determined the evidence raised issues for the jury's resolution, we will not sit as the thirteenth juror re-evaluating the weight and credibility of the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we give full play to the jury's responsibility to weigh the evidence, resolve conflicts in the testimony, and draw reasonable inferences from basic facts. *Johnson*, 23 S.W.3d at 7; *Clewis*, 922 S.W.2d at 133; *Bottenfield v. State*, 77 S.W.3d 349, 354 (Tex. App.—Fort Worth 2002, pet. ref'd) (citing *Jackson*, 443 U.S. at 319).

In reviewing all of the evidence in a neutral light, we cannot say the evidence of Caler's guilt was greatly outweighed by any proof to the contrary. We find nothing unjust or shocking about the verdict, and conclude the evidence was factually sufficient to support it. Caler's points of error regarding legal and factual sufficiency are overruled.

*(2)    Caler Has Not Established His Claim of Ineffective Assistance of Counsel in Counsel's Failure to Object to Testimony by Unlisted Witnesses*

Caler claims that his counsel was ineffective because he failed to: (a) object to the testimony of State's witnesses who were not on the disclosure list, (b) object to entry of bond into evidence, (c) object to the jury charge because it attached the bond, (d) point out that the bond could not support the conviction, (e) object to reports based on lack of proof of chain of custody, (f) preserve error in the trial court's response to a jury question, and (g) raised an "irrelevant and inane objection"

7

to Caler's penitentiary (pen) packet. We will address the first ground here and the rest in the next section of this opinion.

The allegation that Caler's counsel was ineffective must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003). Caler bears the burden of proving, by a preponderance of the evidence, that his counsel was ineffective. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984).

We apply the two-pronged *Strickland* test handed down by the United States Supreme Court to determine whether Caler received ineffective assistance from his counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006).

First, Caler must show counsel's performance fell below an objective standard of reasonableness when considering prevailing professional norms. *Strickland*, 466 U.S. at 687–88. Our review of counsel's performance is highly deferential. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound trial strategy. *Id.*; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "We will not second-guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney

8

might have pursued a different course support a finding of ineffectiveness." *Blackmon v. State*, 80 S.W.3d 103, 108 (Tex. App.—Texarkana 2002, pet. ref'd).

To meet the second prong of the *Strickland* test, Caler must show that the alleged deficient performance damaged his defense such that there was a reasonable probability that the result of the trial would have been different. *Strickland*, 466 U.S. at 689; *Tong*, 25 S.W.3d at 712. A reasonable probability "is one sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Caler complains that his counsel failed to object to the testimony of Bradford during the guilt/innocence phase, and Molly Shelton, Kelly Smith, Michael Wood, Karen Shumate, and Andrew Macey during the punishment phase, because their names did not appear on the State's witness list.

We first note that there is no evidence in the record demonstrating counsel's reasons for failing to object to the testimony of undisclosed witnesses. Even had counsel objected, however, the trial court could have chosen to exercise its discretion in allowing the witnesses to testify. *Hightower v. State*, 629 S.W.2d 920 (Tex. Crim. App. [Panel Op.] 1981); *Dockins v. State*, 852 S.W.2d 50, 53 (Tex. App.—Texarkana 1993, pet. ref'd).[3] The purpose of requiring disclosure is to prevent surprise at trial. Thus, one factor courts look to in determining whether a trial court abuses its discretion in allowing testimony from undisclosed witnesses is "whether the defendant could have

---

[3]Although the trial court issued a discovery order, disclosure of witnesses was not mandated. Thus, the abuse of discretion standard would have applied had counsel objected. *See Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989)*, disapproved on other grounds by Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998).

reasonably anticipated that the witness would testify despite the State's failure to disclose." *Hightower*, 629 S.W.2d at 925; *Dockins*, 852 S.W.2d at 53 (citing *Bridge v. State*, 726 S.W.2d 558, 567 (Tex. Crim. App. 1986)). Another factor assesses whether the State acted in bad faith in failing to disclose the witnesses. *Bridge*, 726 S.W.2d at 566; *Hightower*, 629 S.W.2d at 925.

Bedford was the only witness complained of who testified during the guilt/innocence phase. There is no evidence in the record establishing that trial counsel did not reasonably anticipate he would testify, or that the State acted in bad faith in not disclosing him as a witness. In fact, the bond introduced in evidence was signed by Bedford. The State had an "Open File Policy" specified in the trial court's discovery order which allowed counsel to review the bond. We find no evidence suggesting counsel did not review the bond before trial. Thus, we can reasonably assume that counsel did not object to Bedford's testimony because he reasonably anticipated it. We may also assume counsel had no evidence of bad faith on the State's part in failing to disclose Bedford. Thus, Caler cannot meet his burden, given the record before us, to demonstrate his counsel's performance fell below an objective standard of reasonableness when considering prevailing professional norms. *Strickland*, 466 U.S. at 687–88. Further, because Bedford's testimony related only to the bond, which was alone sufficient evidence to support the judgment, or was cumulative of testimony of disclosed witnesses, we also conclude Caler cannot show a reasonable probability that the result of the trial would have been different had counsel urged an objection to Bedford's testimony. *Id.* at 689.

10

Next, the punishment phase of trial began April 23, 2008. On April 12 and 14, the State sent subpoenas to Shelton, Smith, and Macey. Macey's name was contained on the drug analysis laboratory reports addressed to Shelton. Shelton and Smith were both responding officers for pending crimes listed in the State's intent to offer evidence of other crimes, wrongs, or acts, which was provided to counsel April 10, 2008. Although not put under subpoena, Wood was also an officer responding to a pending crime included in the State's notice. Finally, Shumate's name was contained on the two laboratory reports subject to review under the State's open file policy. Again, we may presume that counsel did not object to the testimony of these witnesses because he reasonably anticipated their appearance and the substance of their testimony, or could not prove bad faith on the part of the State in failing to disclose these witnesses.

With respect to all undisclosed witnesses at the punishment hearing, Caler cannot meet the second prong of the *Strickland* test. Caler was found guilty of bail jumping and failure to appear. Testimony from disclosed witnesses and the information on the bond established that the underlying crime was a felony. Thus, Caler was to be sentenced for a third-degree offense which carried a maximum punishment of ten years' imprisonment. TEX. PENAL CODE ANN. § 12.34 (Vernon Supp. 2009), § 38.10(f) (Vernon 2003). Because the State dropped the enhancement paragraph in the indictment, and the jury assessed less than the maximum punishment, Caler cannot show that the outcome of the punishment phase would have been different absent the complained-of testimony.

11

*(3)*    *Caler's Other Grounds for Ineffective Assistance of Counsel Were Waived Due to Inadequate Briefing*

We now address the remaining grounds for Caler's claim of ineffective assistance of counsel. Rule 38.1(h) of the Texas Rules of Appellate Procedure requires that a brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). An inadequately briefed issue may be waived on appeal. *McCarthy v. State*, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001); *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing).

Caler failed to cite this Court to any authority regarding grounds two through seven of his ineffective assistance point of error. He provides no adequate argument why it was necessary for counsel to object to the entry of bond into evidence and the jury charge referring to the bond, why the bond could not support the conviction, why the testimony failed to establish chain of custody of the laboratory reports, and why an "irrelevant and inane objection" to Caler's pen packet suggested ineffective assistance. Caler's sixth point of ineffective assistance contends counsel should have objected to the trial court's response that "[y]our entire instructions are set forth in the court's charge" in response to a question by the jury inquiring why a twenty-year sentence, as presented to them in voir dire before the State dropped the enhancement paragraph from the indictment, was not an available option. Again, there is no authority why such a response was objectionable. Also, the

12

briefing contained inadequate citation to the record, and failed to explain how alleged inadequacies damaged Caler's defense such that there was a reasonable probability that the result of the trial would have been different given the fact that Caler did not receive the maximum sentence.

Therefore, we overrule grounds two through seven of Caler's ineffective assistance of counsel claim for lack of adequate briefing and overrule the remaining ground on the merits.

*(4)*     *Caler Failed to Preserve a Complaint that the State Commented on His Failure to Testify*

The following exchange occurred during closing argument:

> [BY THE STATE]:   A Defendant doesn't have to do anything.  In this case, Mr. Beaty doesn't have to do anything.  You heard all that in the voir dire.  He certainly can if he wants to.  Now, the State's presented its case, arrested, released, supposed to show up, doesn't show up.  What happened?  Tell us, please.  No burden, but I'd like to hear it because we haven't heard it.
>
> [BY DEFENSE COUNSEL]:    Your Honor, I'm going to object.  Counsel is making a reference to an issue that's really not before the court or an issue --
>
> [BY THE STATE]:    He opened that door.
>
> THE COURT:    Overruled . . . .

Caler argues, "Although Appellant's trial counsel did not specifically raise an objection to an 'improper jury argument,'" the error is preserved because "the specific grounds for Appellant's objection were apparent from the context."  We disagree.

The point of error on appeal must correspond with the objection made at trial.  *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986); *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd).   Where a

trial objection does not comport with the issue raised on appeal, nothing is presented for our review. TEX. R. APP. P. 33.1(a); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). The objection lodged referred to Rule 269(e) of the Texas Rules of Civil Procedure, which prevents arguments based on facts not in the record. TEX. R. CIV. P. 269(e). We cannot construe the objection above as one complaining of a reference to Caler's failure to testify. Because Caler did not fairly and specifically object on the basis he now urges on appeal, he has not preserved this point of error, and we must overrule it. *Wright*, 154 S.W.3d at 241 (citing *Gutierrez v. State*, 71 S.W.3d 372, 378–79 (Tex. App.—Amarillo 2001, pet. ref'd)).

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:    January 12, 2010
Date Decided:     February 2, 2010

Do Not Publish