Opinion filed April 11, 2019



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00100-CR

_____

## ERNESTO REYES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR46345**

### M E M O R A N D U M   O P I N I O N

The jury convicted Ernesto Reyes of the third-degree felony offense of failure to comply with sex offender registration requirements. TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (West 2018). The jury assessed punishment at confinement for a term of eight years in the Institutional Division of the Texas Department of Criminal Justice and a $2,000 fine. In his sole issue on appeal, Appellant contends that the prosecutor erroneously read the indictment's enhancement paragraph at the beginning of the guilt/innocence phase. We affirm.

*Background Facts*

Appellant was charged with the offense of failure to comply with sex offender registration requirements. The indictment alleged that Appellant had a reportable conviction for indecency with a child by contact from Travis County and that Appellant "intentionally, knowingly and recklessly fail[ed] to . . . provide proof of identity and proof of residence within the later of the seventh day after changing his address or the first date the applicable law enforcement agency by policy allowed." The indictment additionally alleged in an enhancement paragraph that Appellant was previously convicted of the felony offense of failure to comply with sex offender registration requirements.

At the beginning of the guilt/innocence phase of trial, the State read the entire indictment—including the enhancement paragraph—to the jury: "And it is further presented to the said Court that prior to the commission of the offense or offenses set out above, [Appellant] was finally convicted of the felony offense of failure to comply with sex offender registration requirements [in Travis County in 2003]." Appellant did not object to the reading of the enhancement paragraph at trial.

Appellant testified during the guilt/innocence phase of trial. On cross-examination, the prosecutor questioned Appellant about his criminal record. Appellant admitted that he had a prior conviction from Travis County for failure to register as a sex offender, which was alleged in the enhancement paragraph. Appellant also testified about his earlier conviction for indecency with a child by contact that required him to register as a sex offender.

At the start of the punishment phase, Appellant pleaded "true" to the prior conviction alleged for enhancement purposes when the prosecutor read it again.

*Analysis*

In his sole issue, Appellant contends that the prosecutor erroneously read the enhancement paragraph of the indictment at the commencement of the

2

guilt/innocence phase of his trial. Appellant contends that this act constituted a statutory violation and that it violated his right to a presumption of innocence. The State concedes that the reading of the enhancement paragraph during guilt/innocence was error, but it contends that the error was not preserved for appellate review. We agree.

"When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held." CRIM. PROC. art. 36.01(a)(1) (West 2007). The requirement that enhancement paragraphs may not be read until the punishment phase of trial is directed at preventing the jury from being prejudiced at the outset of the trial by an announcement that the State believes the defendant has been previously convicted of a prior offense. *Frausto v. State*, 642 S.W.2d 506, 509 (Tex. Crim. App. 1982). This statutory provision must be "strictly complied with by all prosecutors." *Bell v. State*, 504 S.W.2d 498, 501 (Tex. Crim. App. 1974) (quoting *Cox v. State*, 422 S.W.2d 929, 930 (Tex. Crim. App. 1968)). However, a complaint that the prosecutor violated Article 36.01 cannot be raised for the first time on appeal. *Id.*; *see Hardin v. State*, 951 S.W.2d 208, 211 (Tex. App.— Houston [14th Dist.] 1997, no pet.); *Dockins v. State,* 852 S.W.2d 50, 51 (Tex. App.—Texarkana 1993, pet. ref'd); *see also* TEX. R. APP. P. 33.1(a).

In the absence of an objection to the reading of the enhancement paragraph at the commencement of the guilt/innocence phase, Appellant has failed to preserve this issue for appellate review. Moreover, we conclude that the error in this case was harmless. Appellant testified on cross-examination during the guilt/innocence phase about the prior conviction that was alleged for enhancement purposes. Appellant suggests that, "[h]ad the enhancement paragraph not been read, [A]ppellant may have exercised his right to remain silent, not taken the stand, and then not exposed himself to impeachment." However, the record does not contain a

statement that Appellant felt forced to testify because of the reading of the enhancement paragraph, and he did not address the prior conviction during his direct examination. Furthermore, Appellant did not seek a mistrial based upon the violation of Article 36.01, even though he sought a mistrial for another reason.

We conclude that any error by the prosecutor in reading the enhancement allegation at the commencement of the guilt/innocence phase did not contribute to Appellant's conviction and was harmless. *See Dockins*, 852 S.W.2d at 51; *Love v. State*, 833 S.W.2d 264, 266 (Tex. App.—Austin 1992, pet. ref'd). We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


April 11, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.